R. F. N. and L. M. N.,
Petitioners-Respondents,

v.

G. R., Defendant-Appellant.

No. 37723.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 28, 1976.

Allan F. Stewart, Clayton, for defendant-appellant.

Philip R. Newmark, Scott Richardson, Newmark & Richardson, St. Louis, for petitioners-respondents.

WEIER, Presiding Judge.

This is an appeal by the natural mother from a decree of adoption. We affirm.

Petitioner R. F. N. is the natural father of D. M. N. D. M. N. was born to petitioner and his then wife, G. R., on July 7, 1965. In March of 1966, G. R. left Missouri for California with a married man who later became her present husband, leaving the child with her maternal grandmother. The grandmother being unable to care for the child, took her to the home of her paternal aunt. Then, two days after leaving for California, G. R., the wife of petitioner R. F. N., called him and asked him if he wished to have custody of the child. Acting upon this invitation and his affirmative reply, R. F. N. picked up the little girl and has had actual physical custody over nine and one-half years to the time of the hearing.

In the latter part of 1966 R. F. N. obtained a divorce from G. R. and was awarded legal custody of the child, D. M. N. The mother made no appearance at the time of the proceeding and never thereafter attempted to regain custody or enforce any visitation rights to see the child.

On this appeal, G. R. seeks to reverse the adoption decree in which the trial court determined that she had willfully abandoned and willfully neglected the minor child for a period of one year immediately prior to the filing of the petition for adoption. She contends that there is insufficient evidence of an intent to willfully abandon or neglect the child; and in view of the natural mother's personal contact with her daughter and also interest expressed to others within the year preceding the petition, a finding of abandonment or neglect is contrary to the weight of the admissible evidence. Unless this finding is substantiated by the evidence, consent of the natural mother is required by law. Section 453.030.3, RSMo 1969; *In re E. C. N.,* 517 S.W.2d 709, 710[1] (Mo.App.1974). To willfully abandon a child, there must be a voluntary and intentional relinquishment of custody of the child to another with intent to never again claim the rights of a parent or perform the duty of a parent, or an intentional withholding from the child without just cause or excuse by the parent of his or her presence, care, love and protection, maintenance and opportunity for display of filial affection. Such abandonment must be so complete as to display a subtle purpose to forego all parental duties and relinquish all parental claims. *In re E. C. N., supra* at 715[8]. As to willful neglect, it must be shown that the neglect was intentional, deliberate and without just cause or excuse, evincing the purpose to forego parental duties over the period of a year before the filing of a petition for adoption. *In re E. C. N., supra* at 712. The application of such legal aphorisms set out in the case law construing the adoption statutes must in each case turn upon the factual issues presented by the evidence. *In re Adoption of K.,* 417 S.W.2d 702, 711[14] (Mo.App.1967).

In the year prior to the filing of the adoption petition, G. R.'s only contact with

petitioners consisted of two phone calls and three letters, all prompted by notification of the pending adoption proceeding. The first phone call was to the father in which G. R. voiced her opposition to the adoption. This call was followed by a letter stating she had retained an attorney to represent her. The second letter offered to consent to the adoption if R. F. N. would send her a cashier's check for $5,000.00. The second phone call was a two-minute conversation between G. R. and D. N., Mr. N.'s second wife, in which the natural mother stated that she would come to see the child in St. Louis. This call was followed by a letter explaining that G. R. would not be coming to St. Louis. G. R. neither sent the child a birthday or Christmas card or gift in the statutory one-year period.

■ Since willful abandonment is a matter of intent, the court may consider evidence of a parent's conduct before or after the statutory period to determine the parent's purpose and intent. *In re E. C. N., supra,* 517 S.W.2d at 715. G. R. had not seen her daughter for five years when the adoption petition was filed. Although she claimed that she sent the child gifts and money through relatives, these same relatives denied having received them.

■ While it is true that adoption statutes are to be construed in favor of the natural parent, such a construction should not be so narrow as to defeat the intent of the legislature. "The degree of compliance is not literal but substantial." *In re C., C., & C.,* 380 S.W.2d 510, 514[4] (Mo.App.1964). The paramount consideration is the welfare of the child. *In re Adoption of J__,* 396 S.W.2d 257, 263[10] (Mo.App.1965). Here, the minor child does not know her natural mother who left her when she was eight months old. Efforts of the natural mother to contact her daughter were very minimal. They were virtually non-existent for five years before the filing of the adoption petition. The supposedly renewed concern of the mother over her child after being notified of the filing of the adoption petition took the form of a letter stating that she

would consent to the child's adoption upon payment of $5,000.00.

■ The trial court's finding that petitioners' allegation that G. R. willfully abandoned and willfully neglected the minor child for a period of at least one year prior to the filing of their petition was true is supported by substantial evidence and is not against the weight of the evidence. The law was neither erroneously declared nor applied. Rule 73.01; *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976).

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.