In re Walter David DREW, Jr., Dennis Clay Drew, and Daniel James Drew, minors.

Clarence O. DREW and Angela J. Drew, Petitioners-Respondents,

v.

Corwin O. LITTLER and Marjorie K. Littler, maternal grandparents, Intervenors-Appellants.

No. WD 32678.

Missouri Court of Appeals, Western District.

Aug. 3, 1982.

Richard N. Brown, Brookfield, for intervenors-appellants.

Robert G. Smith, Jeff S. Elson, Brookfield, for petitioners-respondents.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

This action for custody and adoption of three children followed the simultaneous deaths of the children's natural parents in an accident. In a contest between the Drews, the paternal grandparents, and the Littlers, the maternal grandparents, the Drews were granted the adoption decree. The Littlers appeal. Affirmed.

Walter and Donna Drew were killed in an aircraft accident July 24, 1976. They left three minor children, then aged 10, 8 and 5. Following the deaths, the Probate Court of Chariton County appointed the public administrator, Ernest Drew (not related to petitioners), as guardian of the persons and estates of the minors and the children were placed temporarily in the Drew home at his direction.

The present case originated August 10, 1976 with a two-count petition in which the Drews sought custody and adoption of the children. The Littlers moved to intervene and they filed an answer denying that the best interests of the children would be served by the Drew adoption. No proceedings are recorded thereafter in the transcript until December 1978 when the Drews moved for a change of judge. By order of the Supreme Court, Judge John Moon of the First Judicial Circuit was assigned and he presided in the disposition of Count I, the proceeding for custody pending adoption.

The hearing on Count I was conducted August 2, 1979 and the case was taken under advisement. On October 1, 1979, before entry of judgment disposing of Count I of the Drew petition, the Littlers presented for filing in this case a cross-petition for custody and adoption. They also filed at the same time an independent action for custody and adoption which was assigned a different case number by the clerk. The transcript includes no record of leave having been granted for the filing of the cross-petition some two months after the evidence in the case was heard. The transcript also contains no record of disposition

of the second adoption case although the briefs suggest that case remains pending.[1]

On December 27, 1979, Judge Moon entered an order granting custody of the children to the Drews pending adoption but under the supervision of the Division of Family Services. At this point, the Littlers moved for a change of judge and by order of the Supreme Court, Judge Ralph Jaynes of the Fourteenth Judicial Circuit replaced Judge Moon and conducted proceedings on Count II, the adoption. Evidence was heard January 14, 1981, including transcribed testimony from the August 1979 hearing and on March 9, 1981, Judge Jaynes entered judgment decreeing adoption of the children by the Drews. From that judgment the Littlers appeal contending (1) errors in failure to comply with § 453.070, RSMo 1978[2] in respect to investigation of the petitioners and the children, (2) failure to consolidate the pending adoption cases, (3) improper exclusion of relevant evidence, and (4) entry of judgment contrary to the weight of the competent evidence.

## I.

The first point centers on the requirement of § 453.070 that adoptions be preceded by an investigation as to the suitability of the child for adoption by the petitioning parties and of the parties as parents for the child. The statute directs that the results of the investigation be set out in a written report submitted to the court. Appellants cite In re G——, 389 S.W.2d 63, 66 (Mo. App.1965) for the proposition that the investigation and report are mandatory. Although an investigation was made in this case and a written report was filed, appellants contend the decree here does not comply with the statute because the report of investigation was not admitted in evidence. Alternatively, appellants argue that the trial court's finding of suitability was flawed because it was based on the content of a

report unqualified to be admitted in evidence. Discussion of the point requires some review of the evidence and the report in question.

This adoption case was referred to the Division of Family Services early in the proceedings for the customary investigation. One of the witnesses who testified at both hearings in August 1979 and January 1981 was the director of the division for Chariton County. She stated that a series of home studies had been made and a report had been filed with the court. At the first hearing, respondents offered the report in evidence, but appellants objected on the ground portions of the report were based on hearsay. The objection was sustained. The investigator did testify, however, at both hearings as to interviews with and observations of the parties and the children and made her recommendation for adoption. The home study report is included in the record here.

Appellants apparently contend § 453.070 contemplates that the investigation report submitted to the court must be in form and content qualified for admission into evidence and, if not, no decree for adoption may issue. No citation of authority for this proposition is offered.

In the case of In re Mayernik, 292 S.W.2d 562 (Mo.1956), the appellant attacked the decree of adoption on the ground that no written report as required by the statute had been made. The court found extensive references in the transcript to interviews and inquiries by the appropriate agency signifying that the requirement for investigation had been conscientiously fulfilled. In addition, a copy of a report of investigation was contained in the transcript. Although the report had not been admitted in evidence, the judgment and decree of adoption was affirmed.

The nature of a report of investigation made by an agency, organization or institu-

---

1. As will hereafter appear, the confused state of the pleadings is of technical rather than substantive consequence. The trial judges considered the cause and received evidence under an apparent conception that the issues present-

ed required a choice as to which of the sets of grandparents should be granted the right of adoption.

2. All statutory references are to RSMo 1978.

tion, as § 453.070 specifies, virtually insures that the content will include comments, opinions and quotations disqualifying the report for admission in evidence as such. While the report must be filed in compliance with the statute, disposition of the case depends on the evidence and if the evidence supports the judgment, it is entitled to affirmance. *In re Smith*, 339 S.W.2d 490 (Mo.App.1960); *In re Neusche*, 398 S.W.2d 453 (Mo.App.1965).

There is no question here that a full investigation was made by the Division of Family Services and that essential facts derived from that investigation were relayed to the court by the testimony of the county director. Moreover, the court had evidence from the school teacher who taught all three children within the preceding two or three years, the pastor of the church attended by the children and the Drews, the superintendent of the Keytesville schools and the guardian ad litem, all of whom spoke favorably as to the proposed adoption and the suitability of parents and children in the relationship.

■ Even were the report in this case to have been admitted in evidence despite the content of hearsay or, alternatively, were it to be argued that the decision of the court was influenced by the report filed but not received in evidence, the judgment must be sustained. The result is supported by substantial, competent evidence apart from the report, and any procedural defect as to rejection or receipt of the report in evidence is not of a dimension to warrant reversal of that result. *N. K. M. v. L. E. M.*, 606 S.W.2d 179, 187 (Mo.App.1980).

In a collateral argument associated with the investigation and report which § 453.-070 requires, appellants contend the statute was not observed because no investigation of their suitability as adoptive parents was made. They seem to argue that their cause suffered from the absence of a report which presumably would have been favorable and would have counterbalanced a report recommending adoption by the Drews. Appellants overlook the procedural record in the case which made the investigatory requirement of § 453.070 inapplicable to them.

The statute conditions an order for transfer of custody of a child and entry of a decree for adoption upon the filing of a written report with the court detailing the results of an investigation made by an agency having as its purpose the care and placement of children in family homes. Because no decree of adoption may be entered until the child has been in the actual and lawful custody of the petitioning parties for at least nine months, the adoption process involves a two-step proceeding; first, the placement of temporary custody and, second, the order for adoption. The investigation and report precedes each step.

■ In the present case, no investigation of the Littler home was either required or appropriate as an element of the case where evidence was taken for temporary custody placement because the Littlers had no petition for custody or adoption then pending. They merely appeared at the hearing as intervenors objecting to adoption of the children by the Drews. It was only later that they filed their own petition for adoption.

When the opposing petitions for adoption came on to be heard in January 1981, custody of the children had been with the Drews since 1976. The Drews therefore met the requirement of the statute that a decree of adoption be preceded by not less than nine months actual custody. An investigation and report as prescribed by § 453.070 was therefore necessary before a decree of adoption could be granted the Drews. The Littlers, however, could not then prevail on a petition for adoption because they lacked the required term of custody. The consequence was that the court had the choice of granting adoption to the Drews or, preliminary to a disposition favorable to the Littlers, transferring temporary custody to them in conditional fulfillment of the nine-month waiting period. Either choice eliminated the other alternative. By deciding to grant adoption to the Drews the court foreclosed a transfer of custody to the Littlers and precluded any occasion for an investigation as to the suitability of the Littlers as custodians.

It is correct, as appellants contend, that the failure of the court to order an investigation of them forecast, to some degree, the entry of the adoption decree favoring the Drews. The statute, however, does not mandate an investigation and report as to all petitioning parties, only that such investigation precede entry of the custody and adoption orders. Quite apparently, a decree of adoption to the Drews could not be conditioned on an investigation of the Littlers.

The record here demonstrates that the Littlers were afforded the opportunity to present to the court by their own evidence all facts relevant to their suitability as adoptive parents. They do not suggest, apart from their claim as to the technical observance of the statute, how the court's knowledge of these facts would have been enlarged by a report of an investigation by the Division of Family Services. With the evidence before it, the court determined to sustain the petition for adoption by the Drews. We are unable to conclude that a failure to order an investigation of the Littlers contravened the mandate of § 453.070 or operated to prejudice appellants' cause.

## II.

In their second point, appellants assert a denial to them of hearing upon and disposition of their applications for adoption of the children. Those applications took the form of a "cross-petition" filed in this case and an independent petition, both presented on the same date. Appellants assert that their cross-petition "was not properly addressed in this case" and that the independent action remains outstanding. The brief does not suggest what corrective action should be taken or what relief appellants seek, a pertinent inquiry in view of the conclusive effect upon appellants' claims of the primary decision rendered in favor of adoption by the Drews.

The basis for appellants' point is the contention that where multiple petitions are filed for the adoption of the same children, there is in effect one action and the petitions should be consolidated. Cited to support this point is *State ex rel. Earnest v.*

*Meriwether*, 270 S.W.2d 20 (Mo. banc 1954). As indicative that this procedure was not observed, appellants point out that no order of consolidation was made and their case for adoption remains pending.

The record here shows leave granted appellants to intervene and an answer filed by them before the first hearing on custody. The answer denies the fitness of respondents as adoptive parents. The judgment awarding custody to respondents pending adoption makes no mention of appellants' cross-petition for the reason that the cross-petition was not before the court when the hearing was conducted August 2, 1979.

Some doubt persists as to what appellants did file in asserting their claim for adoption. On October 1, 1979, appellants filed in this case a motion for leave to file a petition for adoption. Attached was a petition, apparently drawn as an original proceeding and bearing no case number. The record here shows no action by the court on the motion and, although appellants refer to another pending case, their independent action for adoption, we have no record of that case here. For purposes of disposition of this appeal, we will assume, as do appellants, that a cross-petition for adoption was filed by them in this case and that their independent suit for adoption pends.

■ There is no merit to appellants' claim that the court failed to consider a competing effort by them to adopt the children. The trial record shows that appellants fully participated in all proceedings, including the initial hearing when no counter action for adoption had been commenced. Appellants called witnesses, testified themselves and their attorney cross-examined witnesses, presented arguments and filed briefs. Any deficiency in pleadings was not apparent in the conduct of the case by the trial judges who quite apparently regarded the action as one of choice between the contesting families.

In the case of *In re J____ L____ H____*, 373 S.W.2d 635 (Mo.App.1963), the child's mother filed an action to transfer custody to the Children's Services of St.

Louis and to waive consent to future adoption. The child's grandmother and custodian requested leave to file a petition for adoption and later filed that petition as a separate action. On appeal from an adverse decision, the grandmother complained of error by the trial court in failing to consolidate the actions. The court found full participation by the grandmother in the case and decided no prejudicial error occurred because no different result could conceivably have followed were the order of consolidation to have been made. A similar result is presented here.

■ Apart from the foregoing, there is a significant question as to whether, on this record, appellants have any right to appeal. The mere fact that appellants are maternal grandparents or that they have been permitted to intervene to oppose adoption by respondents does not on that account alone invest them with a right of appeal. *Matter of M. D. H.*, 595 S.W.2d 448 (Mo.App.1980). Appellants are, of course, entitled to appeal from an adverse judgment in their own case which, as we have indicated above, has been effectively ruled. Appellants' standing to appeal must be predicated on an assumption their independent action in adoption has been effectively ruled thereby rendering them aggrieved. Any assertion that the trial court failed to consolidate the cases, thus leaving the independent action outstanding, would deprive appellants of their basis for appeal. We have therefore assumed a disposition of appellants' case, although not formally entered by the trial court.

### III.

Appellants next argue that the trial court erred in denying their offer into evidence of the entire court file in Chariton County Case No. 3220, a probate proceeding. That case and the transcript demonstrate, according to appellants, that Clarence Drew was not a fit person to adopt the children because of his attitude to exploit the children for his personal benefit.

At the first hearing in this case before Judge Moon, appellants offered in evidence the entire file in Case 3220 and respondents objected. The objection was sustained with the qualification that appellants could offer portions of the file which they deemed and could demonstrate were relevant. Subsequently in the first trial and again in the second, appellants persisted in their attempt to gain admission of the entire case file contending that the whole record is necessary to demonstrate the character and attitude of Clarence Drew. Respondents argue that the wholesale offer of an entire transcript was properly rejected because no foundation was laid. As to non-party witnesses, respondents point out that substantive evidence from the prior transcript cannot be received unless it be shown that the witnesses were not currently available to testify. As to party witnesses, respondents suggest that no showing was made of contradictory statements, admissions or even relevancy of the prior testimony and that each statement should also be considered separately to provide an opportunity for specific objections.

■ The record in Case 3220 contains the testimony of a number of witnesses and 61 exhibits. The offer of proof to be made by this record, as set out by appellants, made no attempt to specify which portions of the record were relevant or why. Appellants simply contended that the entire record showed that Clarence Drew took as his own assets which should have been in the estate of his deceased son. If several facts are included in an offer of proof, it is for the proponent to sever the admissible from the inadmissible; otherwise, on proper objection, the whole is inadmissible. *Lott v. Kjar*, 378 S.W.2d 480, 484 (Mo.1964). The trial court is under no obligation to sort out the admissible parts of an offer and sever from them the inadmissible and is justified in rejecting the whole offer of proof. *Williamson v. Epperson*, 529 S.W.2d 25, 29 (Mo. App.1975).

■ The trial court was also correct in refusing admission of the probate court case file for the reason that courts do not judicially notice the records and facts in one

proceeding in deciding another and different one. *Edward Runge Land Co. v. Busch*, 594 S.W.2d 647, 650 (Mo.App.1980). A party is entitled to have the merits of his case reviewed upon the evidence properly introduced at the trial of his present claim and the trial court should not take into account evidence which the party has had no opportunity to refute, impeach or explain. *Mince v. Mince*, 481 S.W.2d 610, 614 (Mo.App. 1972); *In re Adoption of K.*, 417 S.W.2d 702, 704 (Mo.App.1967). Exceptions are permitted and the extent to which this rule is relaxed or applied depends upon considerations of expediency and justice in the particular case as well as what the court undertakes to notice. *In re Adoption of K., supra.* The record here demonstrates that the trial court did not err in refusing to take judicial notice of the prior proceedings and in refusing to admit the probate court file in evidence.

### IV.

In a final point, appellants contend the decree of adoption was not supported by competent evidence and was against the weight of the evidence. The particulars of this contention are that the record does not support a finding that it was in the best interests of the children to be adopted by respondents and thus have their relationship with their natural grandparents severed.

 In a custody or adoption proceeding, the reviewing court must keep in mind that the welfare of the children is the primary and paramount consideration, the wishes of the parties being secondary. *R. F. N. v. G. R.*, 546 S.W.2d 510, 512 (Mo.App.1976). The appellate court indulges the presumption that the decision of the trial court in such proceedings was motivated by what the judge believed was best for the child. *Brooks v. Division of Children's Services*, 411 S.W.2d 276, 281 (Mo.App.1967). In an adoption or custody proceeding, it is the obligation of the trial court to decide what is in the best interests of the child and, in passing on that question, the judge is afforded wide discretion. *In re Neusche, supra* at 457. The reviewing court grants greater deference to the lower court's determination when custody of a minor child is involved than in other cases. *Matter of B. J. K.*, 573 S.W.2d 382, 383 (Mo.App.1978).

The trial judges in the present case had the witnesses before them and the opportunity to observe their demeanor and characteristics. Those factors and the evidence itself produced the judgment which, of necessity, severed family ties. We find the result supported by substantial evidence, not against the weight of the evidence and not constituting an abuse of discretion. The judgment is entitled to the deference which the authorities require.

The judgment is affirmed.

MANFORD, J., concurs in result.

KENNEDY, J., concurs.