**MISSOURI FARMERS ASSOCIATION,**
Plaintiff–Respondent,

v.

**Jerry CANTRELL d/b/a Cantrell Concrete Work, Defendant–Appellant.**

No. 54426.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 14, 1989.

M.L. Jack Davis, Flat River, for defendant-appellant.

Thomas L. Hoeh, Perryville, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Jerry Cantrell d/b/a Cantrell Concrete Work, appeals from a judgment in favor of plaintiff, Missouri Farmers Association, Inc., in the total amount of $8,895.51 in this court-tried case for breach of contract. Defendant claims the trial court erred in finding in favor of plaintiff because plaintiff breached the contract by not providing the correct materials. Under our standard of review, enunciated in the oft-cited *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976), we affirm.

Plaintiff contracted with defendant to have defendant construct a building for a third party, Martin Ludwig (Ludwig). Shortly after defendant completed construction Ludwig discovered that the roof leaked, and that the building was therefore not suitable for its intended use as a dry storage area. Plaintiff claims that the roof's condition was the result of substandard work on the part of defendant and that defendant, by failing to substantially perform, thereby breached the contract. Conversely, defendant claims that the roof's condition is the result of plaintiff's failure to supply defendant with the materials necessary to properly complete construction and that plaintiff, by failing to supply such materials, breached its contract.

Neither party to this action requested that the trial court issue findings of fact or conclusions of law. In the absence of the trial court's statement of the grounds for its decision, we assume that the trial court resolved all issues of fact in accordance with the result reached. Rule 73.01.

We have reviewed the record and find that plaintiff adduced substantial evidence in support of its legal theory that defendant breached this construction contract by failing to substantially perform. Plaintiff presented expert testimony that defendant's work was substandard and that defendant could have easily remedied the alleged deficiency in materials. Even if the contract did not expressly require that defendant complete construction in a skillful and workmanlike manner, Missouri courts have implied such a requirement. *Hotchner v. Liebowits*, 341 S.W.2d 319, 326 (Mo. App.1960). Although Cantrell presented evidence which might support a different conclusion, the trial court, as the trier of fact, had the right to reject such evidence and to believe other contradictory evidence. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo. App.1983). Defendant's point on appeal is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.