Patricia Dianne BOLLING, Respondent,

v.

Michael Gene BOLLING, Appellant.

No. 54822.

Missouri Court of Appeals,
Eastern District,
Division One.

April 4, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Deborah J. Tomich, St. Charles, for appellant.

Patricia D. Bolling, St. Charles, pro se.

CRIST, Judge.

Husband appeals the decree of dissolution which ended his sixteen-year marriage to wife. Husband and wife have two minor children born of this marriage, aged 15 and 10 years at the time of the dissolution, of whom mother has primary custody. On appeal, husband asserts the trial court erred in awarding wife maintenance and in the division of property. We affirm.

Husband asserts the evidence shows wife is able to support herself, thus the award to her of $200 per month maintenance was error. Husband further contends the trial court erred in not ordering at most limited maintenance.

■ Missouri law provides that a spouse who seeks maintenance must show she lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. *Williams v. Williams*, 753 S.W.2d 101, 102[3] (Mo.App.1988); § 452.335.1, RSMo 1986.

■ The trial court did not abuse its discretion in awarding wife maintenance. The property awarded wife could not support her because it was not income producing. In addition, the evidence proved wife did not possess the skills necessary to sufficiently support herself. At the time of trial, wife was unemployed, and she had primary custody of the parties' children. She occasionally gave art lessons, but her income from these was minimal. She did not have a high school degree, but had only recently received her GED equivalent. She had worked at times during the marriage, however, only at low skill jobs. She also testified she could not currently work because she had suffered emotional trauma from living with a violent husband for sixteen years. Applying the provisions of § 452.335, RSMo 1986 to these circumstances, we find the evidence supports the award of maintenance to wife. See *Mastin v. Mastin*, 709 S.W.2d 545, 548 [3] (Mo.App. 1986).

■ Further, the trial court did not err in granting wife maintenance for an unlimited duration. There was no evidence before the court of an impending change in the financial circumstances of either party to support a prospective termination of maintenance. *Burbes v. Burbes*, 739 S.W. 2d 582, 584[3, 4] (Mo.App.1987). While wife admitted she intended to obtain additional education, at the time of trial any future improvement in her earning capacity was, at best, speculative. See *Eckstein v. Eckstein*, 748 S.W.2d 945, 947–48[8, 9] (Mo. App.1988).

■ Husband next asserts the trial court erred in the division of property. Husband asserts the order requiring him to pay wife $5000 for her interest in the property husband was awarded is error because, he contends, the property he received had no equity, thus wife could have no interest in the property.

The court's property division awarded wife the parties' mobile home valued at approximately $15,000, and the personal property she had in her possession. Husband was assigned the responsibility for

the debt remaining against the mobile home of approximately $10,000. Husband was awarded an unencumbered lot the parties owned in Texas worth approximately $4000, a pickup valued at $9,500 for which husband said he owed his mother, and all the personalty in his possession. In addition, the court ordered husband to pay wife $5,000 for her share of the marital property husband was awarded.

Wife introduced evidence of and testified as to two bank accounts she and husband jointly held, and of the payment to the parties of $15,999 from their insurance company for the fire loss of a house on their lot in Texas. Wife testified husband had withdrawn approximately $6,900 from the bank accounts after the parties' separation without wife's knowledge or consent. When wife discovered the withdrawal, only $112 remained, which she withdrew. Husband had also cashed the insurance check, giving only $600 to wife and the children. Husband could not account for these funds at the time of trial. Also, wife believed husband had in his possession tools worth approximately $9,735, which were also marital property.

The credibility of witnesses is the province of the trial court. *Kramer v. Kramer*, 709 S.W.2d 157, 159[5] (Mo.App.1986). In dividing the marital estate, the court was entitled to believe wife's testimony that husband had appropriated the bank accounts and the insurance proceeds, and possessed the tools. *Nedblake v. Nedblake*, 682 S.W.2d 852, 856[7] (Mo.App.1984). Such a finding is consistent with the court's division of property. Considering these assets in husband's share of the marital property, we find the award to wife of $5,000 for her interest in the marital property awarded to husband was not an abuse of discretion.

Judgment affirmed.

CRANDALL, P.J., and KAROHL, J., concur.