**Mary K. BABE, Petitioner–Respondent,**

v.

**Kurt A. BABE, Respondent–Appellant.**

No. 56220.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 27, 1990.

Gregory G. Fenlon, Fenlon & Fenlon, Clayton, for respondent-appellant.

Dennis Jay Curland, Chesterfield, for petitioner-respondent.

CRANDALL, Judge.

Kurt Alan Babe (husband) appeals from a decree of dissolution of his marriage to Mary Kelly Babe (wife). The trial court dissolved the marriage, awarded primary custody of the minor child born of the marriage to wife, set off and divided the property, and awarded modifiable maintenance to wife. We affirm as modified.

Our standard of review is set forth in the oft-cited *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Further, we accept as true the evidence and reasonable inferences therefrom in a light most favorable to the prevailing party and disregard contradictory evidence. *Hughes v. Hughes*, 761 S.W.2d 274, 276 (Mo.App.1988). The judgment of the trial court is to be affirmed under any reasonable theory supported by the evidence. *Buchheit v. Buchheit*, 768 S.W.2d 641, 642 (Mo.App.1989). We acknowledge the superior position of the trial court to judge factors such as credibility, sincerity, character of the witnesses and other intangibles that are not revealed in a trial transcript. *Indermuehle v. Babbitt*, 771 S.W.2d 873, 875 (Mo.App.1989).

In this case the parties did not request, nor did the trial court make, specific findings of fact on any controverted fact issues. We therefore assume that all factual determinations were made in accordance with the result reached. Rule 73.01(a)(2).

Husband and wife were married in July 1983 and separated in September 1986. One child was born of the marriage. She was two years of age at the time of dissolution.

During the marriage, husband was employed by several different companies as a manager. His yearly salary ranged from $38,000 to $60,000. Generally, husband traveled away from home one to three days per week. Moreover, his changes in employment caused him to move from Maryland to Missouri, then New York and finally California. Husband was 33 years of age at the time of dissolution.

During the marriage, wife was employed at a school in Maryland and earned $5.00 per hour. After the family moved to Missouri, wife was not employed again until after she separated from husband. Wife has a bachelor of arts degree and was 28 years of age at the time of dissolution.

Husband first contends that the trial court erred in awarding to wife primary custody of the minor child. In litigation involving the issue of child custody, the welfare of the child is the paramount consideration. *Matter of Williams*, 672 S.W.2d 394, 395 (Mo.App.1984). Because the trial court has an affirmative duty to determine what is in the best interests of the child, we presume that the custody decision is motivated by what the court believes is best for the child. *Id.* We therefore accord the determination of the trial court greater deference than in other cases. *Id.* Thus, an appellant faces a heavy burden to overturn the decision of the trial court relating to an award of child custody.

We have carefully reviewed the record in this case, including the 1070 pages of transcript. A lengthy reiteration of that evidence is unnecessary. The trial testimony is replete with charges and counter-charges relating to the suitability of either party to have custody of the child. The trial court was faced with the onerous task of weighing the evidence and making factual determinations relating to the welfare of a child two years of age—a determination that the parties as parents were unable to make.

We find that there was substantial evidence in the record as a whole which, if believed, would support the custody award. Although there was evidence in the record which might support a different conclusion, the trial court, as trier of fact, had the prerogative to disbelieve that evidence and believe other contrary evidence. *Missouri Farmers Ass'n v. Cantrell*, 764 S.W.2d

749, 750 (Mo.App.1989). The trial court did not abuse its broad discretion. Husband's first point is denied.

■ For his second point, husband claims the trial court erred in awarding maintenance of $300 per month to wife. He argues that wife was not entitled to an award of maintenance.

An award of maintenance is governed by Section 452.335, RSMo (Supp.1988). The trial court specifically found that wife was unable to support herself at the time through appropriate employment and lacked sufficient property, including marital property awarded to her, to provide for her reasonable needs.

At the time of dissolution, wife's income was substantially less than that of husband. Wife worked a few months during the marriage but otherwise was unemployed until after the parties separated. Wife has always been the primary caretaker of the child. Wife's last job paid $15,200 annually. There was substantial evidence in the record that wife's income, including maintenance and child support payments, was not sufficient to meet her living expenses.

Wife was awarded primary custody of a child two years of age. While that award of custody, under the evidence in this case, does not make it inappropriate that wife maintain employment outside the home, clearly her freedom to seek and take advantage of employment opportunities is limited to some degree by her child rearing duties. Certainly the award of $300 per month maintenance was not intended to fully support wife. The maintenance award anticipates that wife will seek employment that better helps her meet her expenses while at the same time allowing her to care for the small child in her custody.[1] The trial court did not abuse its discretion in awarding maintenance of $300

per month to wife. Husband's second point is denied.

For his final point, husband claims the trial court erred in declaring certain articles of personal property to be marital property and awarding them to wife. It is conceded that two antique wicker cane chairs were erroneously awarded to wife. We modify the decree to set off those chairs to husband as his separate property. We find that the remainder of the property division by the trial court is supported by substantial evidence and not against the weight of the evidence. No error of law appears. An extended opinion on this point would have no precedential value. With the exception of the chairs, the point is denied pursuant to Rule 84.16(b).

The decree of dissolution is affirmed as modified.

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

1. Father asserts for the first time in the argument portion of his brief that the award of maintenance should be limited to wife's request of $750 per month for two years. First, this argument is syllogistically incorrect. An award of $300 per month modifiable maintenance for an indefinite period does not necessarily exceed an award of $750 per month for a definite

period of two years. Second, this argument assumes an impending change in wife's financial circumstances to support a prospective termination of maintenance. At the time of dissolution, any future improvement in her earning capacity was, at best, speculative. *Bolling v. Bolling*, 768 S.W.2d 643 (Mo.App.1989).