**Maure Meyer ASTON, Plaintiff–Appellant,**

v.

**Brian Edward ASTON, Defendant–Respondent.**

No. 58213.

Missouri Court of Appeals, Eastern District, Division One.

June 18, 1991.

---

Reginald P. Bodeux, Maryella Kelly, St. Charles, for plaintiff-appellant.

Michael P. Shea, Patrick R. Pryor, St. Charles, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

On March 23, 1990, the Circuit Court of St. Charles County entered a dissolution decree between appellant, Maure Aston, (hereinafter wife), and respondent, Brian Aston, (hereinafter husband). The trial court found that there was one child born of the marriage: D.E.M.A. (hereinafter minor child) born September 23, 1986. After taking into account all those factors outlined in RSMo § 452.375, the trial court awarded primary care, custody, and control of minor child to husband. Wife was awarded reasonable rights of visitation and temporary custody, including alternate weekends from Friday 6:00 p.m. to Sunday 6:00 p.m.; one full week during each month to coincide with one of wife's weekends until the minor child attends school, at which time wife was awarded alternating weekends; two non-consecutive periods of two weeks each summer, and alternated major holidays. Wife was also ordered to pay husband $345.00 per month as child support.

Wife filed a motion for new trial and/or motion to open judgment, permit additional testimony and amend judgment. On that same date, the trial court denied this motion and wife filed this appeal.

In her first point on appeal wife contends that the trial court erred in denying her the primary care, custody, and control of minor child as the trial court's order had no substantial evidence to support it and was against the weight of the evidence in that there was no evidence on the record that wife was an unfit mother. Further, wife argues that substantial evidence did exist that husband was inattentive to many of the minor child's basic needs and interests.

The standard of review for court tried cases without a jury means that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. The standard of review applies to custody determinations. *Griffin v. Griffin*, 789 S.W.2d 236 (Mo.App.1990); *Petty v. Petty*, 760 S.W.2d 555, 556 (Mo.App. 1988).

In actions involving the issue of child custody, the welfare of the child is the paramount consideration. *Babe v. Babe*, 784 S.W.2d 898, 899 (Mo. banc 1990); *T.B.G. v. C.A.G.*, 772 S.W.2d 653 (Mo.App. 1989). Because the trial court has an affirmative duty to determine what is in the best interests of the child, this court must presume that the custody decision is motivated by what the court believes is best for the child. *Babe, supra* at 899; *Matter of Williams*, 672 S.W.2d 394, 395 (Mo.App. 1984). The appellate court must therefore accord the determination of the trial court greater deference than in other cases. *Babe, supra* at 899. Thus, an appellant faces a heavy burden to overturn the decision of the trial court relating to an award of child custody.

■ We have carefully reviewed the record including the 176 pages of transcript. A lengthy reiteration of the trial court testimony is not necessary. The trial court testimony is replete with allegations by wife relating to the unsuitability of husband to adequately care for the minor child. Specifically, wife cites three incidents in which the minor child had been placed in dangerous situations. These include wife's testimony regarding: (1) the swimming pool incident; (2) the incident involving knifes, and (3) the incident in which husband allegedly would leave his work shoes in a dangerous place. Husband's testimony rebutted each and every allegation testified to by wife. Husband's testimony was also bolstered by two additional witnesses. The trial court was faced with the task of weighing the evidence and making a determination relating to the welfare of a minor child three and one-half years of age—a determination that husband and wife were unable to make.

We find there is substantial evidence in the record to support the custody award. Wife's first point is denied.

In wife's second point on appeal, she contends that the trial court's order awarding the primary care, custody, and control of the minor child is an abuse of discretion in that the qualifications of both parents are not equally balanced. Wife argues that the evidence touching on custody of the minor child clearly preponderates in favor of her.

A review of the whole record by this court reveals that the trial court did not abuse its broad discretion. Wife's second point is also denied.

Judgment affirmed.

KAROHL and SIMON, JJ., concur.