Michael E. JONES, Petitioner–Appellant,

v.

Kathy L. JONES, Respondent–
Respondent.

No. 63493.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 7, 1993.

Wm. J. Hormberg, Clayton, for petitioner-appellant.

Kathy L. Jones, pro se.

CRANDALL, Presiding Judge.

Husband, Michael E. Jones, appeals from the decree of dissolution of his marriage to wife, Kathy L. Jones. We affirm.

Husband and wife were married in November 1971 and separated in or around October 1989. Two children were born of the marriage: Jennifer in 1972 and Stacey in 1974.

At the time of the dissolution, Jennifer was a college student, attending school and living in a nearby town; Stacey was not a student, was unemployed, and was living with wife in the marital home.

At the time of the dissolution, wife was 44 years of age. She was a high school graduate, with one year of college. She worked prior to the marriage and then stayed home with the children until 1987, when she returned to employment outside the home. She was employed part-time at a supermarket as a meat wrapper, working an average of 29 regular hours per week and five hours of overtime. Her basic rate of pay was $7.25 per hour and her weekly gross earnings were about $256.50. She testified that the number of hours she worked was based on seniority; and that she was precluded from becoming a full-time employee of the supermarket, because there already was a full-time meat wrapper in the meat department. Her income and expense statement indicated that her monthly expenses were $2,711.00, not including daughter's college expenses. Husband was also 44 years of age. He was employed at the same company for 24 years and earned about $598.00 gross per week, excluding overtime. He also received veteran's benefits of $400.00 per month. At work, he was fully vested in a pension plan and in a stock purchase plan. His income and expense statement indicated that his expenses were $1,667.00 per month.

The parties owned a home valued at about $75,000.00, with an existing mortgage of $13,-000.00. They had another loan on the home of $12,500.00 for the construction of a garage. They incurred credit card debts of over $5,000.00. Each accused the other of marital misconduct, and each denied the other's allegations.

The trial court ordered the sale of the marital home, with the proceeds to be divided equally between the parties after paying the marital debts. The court awarded wife decretal maintenance of $269.00 per month. The court granted custody of Jennifer to wife and declared that Stacey was emancipated. The court awarded child support of $433.00 per month and apportioned it, such that $200.00 went directly to Jennifer and the remainder went to wife. The court also awarded wife one-half of husband's pension plan and stock option plan, both valued as of June 30, 1992. The court divided the remaining marital property and awarded each party his or her separate property. Finally, the court ordered husband to pay a portion of wife's attorney's fees and expenses.

■ Our standard of review is set forth in the oft-cited *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We accept as true the evidence and reasonable inferences therefrom in a light most favorable to the prevailing party and disregard contradictory evidence. *Babe v. Babe*, 784 S.W.2d 898, 899 (Mo.App.1990). The judgment of the trial is to be affirmed under any reasonable theory supported by the evidence. *Id.* We acknowledge the superior position of the trial court to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in a trial transcript. *Id.*

In his first point, husband contends that the trial court erred in awarding wife maintenance. He argues that wife did not satisfy the two-pronged test set forth in § 452.335.1, RSMo (Cum.Supp.1992), in that there was no evidence of her inability to support herself either with the property she was awarded in the decree or through full-time employment.

■ Under § 452.335.1, a court may award maintenance if the spouse seeking maintenance (1) lacks sufficient property to provide for his or her reasonable needs and (2) is unable to support herself or himself through appropriate employment. Section 452.335.1 also sets out the statutory factors the trial court must consider in awarding maintenance:

(1) The financial resources of the party seeking maintenance, ... and his ability to meet his needs independently ...;

(2) The time necessary to acquire sufficient education or training to ... find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property ... and the separate property;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage;

(10) Any other relevant factors.

The spouse seeking maintenance is required to show need before maintenance may be awarded. *Roberts v. Roberts,* 810 S.W.2d 65, 66 (Mo.App.1990). The trial court not only has broad discretion in applying the statutory factors, but it determines the witnesses' credibility and evaluates the merits of each party's expense claims. *Eckstein v. Eckstein,* 748 S.W.2d 945, 946–947 (Mo.App. 1988).

■ In the instant action, wife's monthly expenses totalled $2,711.00. Her gross income per month was approximately $1,112.00. Her expenses, therefore, exceeded her income. The court specifically found that the expenses listed in wife's expense statement were reasonable; and that after wife received her share of the marital property, she would "still require support and maintenance ... on an ongoing basis." Husband, on the other hand, had a gross income of about $2,591.00 per month and his monthly expenses listed on his income and expense statement amounted to $1,667.00. Although the court noted that husband's expense statement was "unrealistically low" because he failed to include in his calculations some ordinary monthly expenses, the court also found that husband had the ability to meet his reasonable needs while contributing to the support of wife and his daughter in college. In addition, the court's award of $269.00 per month to wife was not sufficient to meet all of the expenses listed on her income and expense statement, while husband's income exceeded the expenses listed on his income and expense statement.

■ Husband's argument that wife received sufficient marital property to meet her needs is without merit. Although the award of marital property is a factor in determining maintenance, wife is not required to deplete her portion of the marital assets before she is entitled to an award of maintenance. *See Sinclair v. Sinclair,* 837 S.W.2d 355, 360 (Mo.App.W.D.1992).

Husband's other argument that the wife presented no evidence that she could not work full-time is not supported by the record. She testified that the number of hours she was allowed to work at the supermarket as a meat wrapper was based on seniority. She stated that there was one person ahead of her in seniority, and that person held the only full-time position in the meat cutting department. She also said that she had no control over the amount of hours she worked.

Further, wife testified that she had no vocational training and that she had returned to work only five years prior to the dissolution. The disparity between the parties' ability to earn money through appropriate employment was great and was permanent in nature. The detrimental effect of wife's withdrawal from the job market to assume the duties of a homemaker, which ultimately resulted in her being unable to provide for her reasonable needs, is also a sound basis for an award of maintenance. *See Klein v. Klein,* 837 S.W.2d 567, 570 (Mo.App.W.D. 1992).

The trial court did not abuse its discretion in awarding wife maintenance. Husband's first point is denied.

In his second point, husband asserts that the trial court erred in awarding wife attorney's fees in the amount of $2,623.00. He argues that wife's conduct created the greater expenditure of attorney's fees, because her "continuing efforts ... to gain an unequal distribution of the marital property were without justification."

■ The trial court is vested with broad discretion in ordering payment of attorney's fees. *Klein,* 837 S.W.2d at 571. Here, husband's income was substantially greater than wife's. In addition, wife's attempts to secure 60 percent of the marital property instead of

the 50 percent the court awarded her was not a totally baseless claim and did not result in protracted litigation. The trial court did not abuse its discretion in awarding attorney's fees. Husband's second point is denied.

In his third point, husband claims that the trial court erred in ordering him to divide the child support payment between daughter and wife, in lieu of paying the support directly to daughter. Husband, however, has failed to delineate how the court's action resulted in prejudice to him. Point denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.