Robert Edward MARSCH and Shannon
Kaye Marsch, Petitioners-Respondents,

v.

Raymond James WILLIAMS,
Respondent-Appellant.

No. KCD 29886.

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1978.

Ronald J. Prenger, Jefferson City, for
respondent-appellant.

L. H. Wilbers, Jefferson City, for peti-
tioners-respondents.

Before SHANGLER, P. J., SWOFFORD,
C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Robert E. Marsch and Shannon Kaye
Marsch instituted this proceeding by a peti-
tion to adopt Jeremy Stirling Williams,
Shannon's son by a prior marriage. Section
453.030 (all statutory references in this
opinion are to RSMo 1969) by its general
terms required the consent of Raymond
James Williams (Shannon's former husband
and the father of Jeremy) to the adoption,
but he refused to consent.

A hearing was therefore held in the trial
court to determine whether Raymond's con-

sent could be dispensed with under the provisions of Section 453.040–4 on the ground that he had willfully abandoned or willfully neglected Jeremy for a period of at least one year immediately prior to the filing of the petition. After hearing the evidence, the trial court entered an order finding that Raymond had willfully abandoned and willfully neglected Jeremy for more than one year and that it would be in the best interest of Jeremy for the parental rights of Raymond to be terminated; and the court thereupon ordered that the parental rights of Raymond be terminated and that the child be placed in the custody of Robert and Shannon. Raymond appeals from that order.

■ The argument in this court focuses on the sufficiency of the evidence to show willful abandonment or willful neglect by Raymond. That point is relatively simple, the resolution of which would turn upon the credibility of conflicting evidence, and which would be controlled by Rule 73.01–3 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). See *Adoption of R. A. B. v. R. A. B.*, 562 S.W.2d 356 (Mo. banc 1978); *D. A. Z. and R. M. Z. v. M. E. T., Jr.*, 575 S.W.2d 243 (Missouri Court of Appeals, St. Louis District No. 39377, decided November 21, 1978). Unfortunately we cannot reach that issue because of lack of jurisdiction, in that there has been no final judgment in the trial court. Even though respondents have not raised this point, this court must notice the jurisdictional defect sua sponte. *In re Smith*, 331 S.W.2d 169 (Mo.App.1960); *Lincoln Cty. Mem. Hosp. v. Mo. State Bd. of Med.*, 549 S.W.2d 665 (Mo.App.1977).

■ The right of appeal in this case is accorded by Section 453.060–4 which provides that an appeal under Chapter 453 shall be "in the manner and form provided by the civil code of Missouri." The applicable provision in the civil code is Section 512.020 which so far as here pertinent requires the appeal to be from a "final judgment." The Order of Temporary Custody, which included the termination of parental rights and from which this appeal is taken, does not qualify as a final judgment. As an aside it can be said that the order awarding temporary custody was unnecessary and superfluous. Shannon had been awarded custody of Jeremy by the earlier divorce decree, and Robert had come into lawful joint custody from the date of his marriage to Shannon, from which time the child has lived continuously in the new marital home. *In re Adoption of Siler*, 240 Mo.App. 1097, 225 S.W.2d 379 (1949); *In re Adoption of P. J. K.*, 359 S.W.2d 360 (Mo.App.1962). Therefore an award of custody to Robert and Shannon added nothing to what the petitioners already had. Further, that part of the order terminating the parental rights of Raymond would have been appropriate under Section 211.441, but was not necessary under Chapter 453; the result of cutting off parental rights of the natural father is accomplished automatically by the adoption decree under the provisions of Section 453.090. A finding of abandonment or neglect in an adoption proceeding is merely to provide a basis for dispensing with consent and to permit the granting of a decree of adoption.

In any event, the Order of Temporary Custody entered by the trial court was not a final judgment because the issue of adoption by the petitioners still remains open and undecided. Any appeal can only be from the decree of adoption. *In re Smith, supra; In re Adoption of LLV and SAV*, 457 S.W.2d 2 (Mo.App.1970); *In Interest of Beste*, 515 S.W.2d 530 (Mo.1974). See also *Adoption of Mike and Russ*, 553 S.W.2d 706 (Mo.App.1977).

This appeal is dismissed for lack of jurisdiction.

All concur.