**In the Interest of R. L. H., a minor.**

**C. A. H., Petitioner-Appellant,**

v.

**R. L. H., Respondent.**

**No. 12477.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 30, 1982.

Esco V. Kell, West Plains, for petitioner-appellant.

Don M. Henry, Henry, Henry & Henry, West Plains, Guardian Ad Litem for R. L. H.

PREWITT, Judge.

The mother of the minor filed a petition seeking to terminate the father's parental rights. The father entered an appearance and did not contest the petition. The trial court appointed counsel who acted as guardian ad litem for the minor. See § 211.462, RSMo 1978. Following a hearing the trial court dismissed the petition.

Appellant mother seeks to justify the petition based on §§ 211.442–.492, RSMo 1978. She states in her brief that she has the right to file such a petition "although the statutes indicate that it is the duty of the Juvenile Officer to institute actions of such nature".

The power given the juvenile court to terminate parental rights is purely statutory, and without such legislation, the power would not exist. *In the Interest of J. A. H.,* 592 S.W.2d 888, 889 (Mo.App.1980); *In the Interest of D___ J___ A___,* 477 S.W.2d 718, 720 (Mo.App.1972). To terminate parental rights, there must be strict

and literal compliance with the statutes. *In the Interest of A. R. S.,* 609 S.W.2d 490, 491 (Mo.App.1980). We read those sections as authorizing termination of parental rights only upon a petition filed by the juvenile officer. See § 211.447.1–.2, RSMo 1978. See also *State ex rel. Dubinsky v. Weinstein,* 413 S.W.2d 178, 182, 183 (Mo. banc 1967). Literal compliance would require that the juvenile officer file the petition and as that was not done, the trial court correctly dismissed it.

The judgment is affirmed.

GREENE, C. J., FLANIGAN, P. J., and TITUS, J., concur.