In re the ADOPTION OF D___ R___ E___, A Minor.

No. 14058.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 28, 1985.

modify and granted custody of the child to respondent. The decree stated:

> The Court finds that it would be in the best interest of said child, [D___ R___ E___ ] to terminate the rights of the Father, and Mother.
>
> That [appellant], though legally required and financially able, has failed to support his child, [D___ R___ E___ ] for a period of six (6) months as provided in 211.447 RSMo, sub-section 2F. Further, that he has paid less than One Thousand Dollars ($1,000.00) since said child has been born.
>
> That the child has been in the custody of [respondent], with the exception of two (2) months, for her entire life, having been boluntarily [sic] placed there by the natural mother and father and left without provision for support and only token communication and visitation from the father.
>
> That the parents abandoned the child to [respondent] without good cause.
>
> [Appellant's] Motion to Modify, Case No. 486, is hereby denied as the Court has, by this Decree, terminated his paternal rights.

Appellant does not raise error in connection with his motion to modify. He contends that his parental rights should not have been terminated and that he did not abandon his daughter or fail to support her. Respondent has filed a motion to dismiss the appeal, stating that the decree is not an appealable order since no final decree of adoption has been entered.

An order transferring custody and finding that consent to an adoption is not required is not appealable. *Marsch v. Williams*, 575 S.W.2d 897, 898 (Mo.App. 1978). An appeal in an adoption case lies only from the decree of adoption. *Id.* In contrast, if the court's order is an attempt to terminate appellant's parental rights under chapter 211, it is appealable. § 211.-261, RSMo 1978; *In the Interest of T.P.S.*, 595 S.W.2d 320 (Mo.App.1980).

Respondent asserts that the portion of the court's order purporting to terminate parental rights under § 211.447, RSMo

G. Weber Gilmore, Gilmore, Gilmore, Taylor & Burns, Sikeston, for respondent.

Bruce Lawrence, Leible & Lawrence, Sikeston, for appellant.

PREWITT, Chief Judge.

Appellant is the father of a female child, nine years of age, sought to be adopted by respondent. The marriage of appellant and the child's mother was terminated by a decree of dissolution and the mother received custody. Nearly seven years later appellant filed a motion to modify the dissolution decree, seeking custody of the child. Two weeks later respondent, the stepmother of appellant's ex-wife, filed a petition to adopt the child under chapter 453, RSMo 1978. The mother consented to the adoption. Appellant did not.

The petition and motion were consolidated by agreement. After an evidentiary hearing the trial court denied the motion to

**884**

Supp.1984, should be treated as an unappealable finding under § 453.040(4), RSMo Supp.1984, that consent of appellant to the adoption is not required.

Under § 453.040(4), RSMo Supp.1984, consent to the adoption of a child is not required of:

A parent who has for a period of at least six months, for a child one year of age or older, or at least sixty days, for a child under one year of age, immediately prior to the filing of the petition for adoption, willfully abandoned the child or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide him with necessary care and protection;

Section 211.447.2(2)(f), RSMo Supp.1984, provides that upon a petition filed by the juvenile officer, parental rights may be terminated if the "parent, who is both legally required and financially able, has failed to support the child for a period of six months".

Citing *In the Interest of H.J.P.*, 669 S.W.2d 264, 271 (Mo.App.1984), respondent contends that the trial court's "reference to § 211.447 is superfluous and does not make the consolidated decree void. The findings of fact and conclusions completely and succinctly support the Court under § 453.040". *H.J.P.* involved an erroneous reference within the provisions of chapter 211, RSMo 1978. On appeal the court found that "the recitation in the court's order of the statutory bases for its decision is superfluous." 669 S.W.2d at 271. That case does not aid respondent.

▪ Here the trial court appeared to be proceeding under § 211.447.2(2)(f), RSMo Supp.1984. The decree followed the language of that section. It did not follow the wording of § 453.040(4), RSMo Supp.1984, as, among other necessary requirements, there was no finding that the failure to support occurred "at least six months immediately prior to the filing of the petition for adoption". Whether appellant had supported the child within that period was disputed.

It is more practical to construe the disputed portion of the decree as what it says it is, and what it appears to be, an order attempting to terminate parental rights under chapter 211. The decree did not satisfy the requirements dispensing with consent under § 453.040(4), and dismissing the appeal would just delay clarifying the questions raised by the decree. Respondent's motion to dismiss the appeal is denied.

▪ The juvenile officer did not file a petition seeking to terminate parental rights so those rights cannot be terminated under § 211.447.2(2)(f), RSMo Supp.1984. Only a juvenile officer can institute proceedings to terminate parental rights under chapter 211. *In Interest of R.L.H.*, 639 S.W.2d 241, 242 (Mo.App.1982).

The decree is reversed and the cause remanded for the trial court to make findings regarding the need for appellant's consent to the adoption, and thereafter if necessary, to proceed under chapter 453 in regard to the adoption.

HOGAN, P.J., and MAUS and CROW, JJ., concur.