**In re the Matter of N.B., S.B.A., Plaintiff-Respondent,**

v.

**Corlett Diane HOWARD, Defendant-Appellant.**

**No. 50737.**

Missouri Court of Appeals, Eastern District, Division Two.

April 8, 1986.

Motion for Rehearing and/or Transfer Denied May 13, 1986.

Application to Transfer Denied June 17, 1986.

Susan Nell Rowe, Private Atty., St. Louis, for defendant-appellant.

Sam Weber, Private Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant, Corlett Howard, natural mother, appeals the juvenile court's order denying her motion to dismiss the petition for adoption of her child and ordering the adoption to proceed. Her motion was based on the contention that her consent to the adoption was invalid.

The dispositive issue here is whether the order of the juvenile court is final for the purpose of appeal. The issue is raised sua sponte because it determines the jurisdiction of this court. *Mainstreet Enterprises, Inc., v. City of Berkeley*, 656 S.W.2d 284, 285 (Mo.App.1983).

■ Appeal in adoption cases lies only from the decree of adoption. *In Re Adoption of DRE*, 696 S.W.2d 882, 883 (Mo.App. 1985); *Marsch v. Williams*, 575 S.W.2d 897, 898 (Mo.App.1978). Here no final decree of adoption had been entered. An appeal may be taken only from a final judgment, which disposes of all issues and all parties. § 512.020, RSMo 1978; *Kuta v. Collier*, 637 S.W.2d 734, 736 (Mo.App. 1982). Furthermore, an appeal does not lie from an adverse ruling on a motion which does not finally determine and dispose of the cause of action in order to prevent piecemeal appeals. § 512.020, RSMo 1978; *Hoevelman v. Reorganized School District R2 of Crawford County*, 430 S.W.2d 753, 754 (Mo.App.1968).

■ The juvenile court's order denying the motion to dismiss the petition for adoption was not a final judgment for the purposes of appeal. The determination of the validity of consent is not independent nor unrelated to the adoption proceedings, and thus the appeal was premature. The proper time for this appeal would be after the

decree of adoption. Therefore, we do not have jurisdiction of this appeal.

The appeal is dismissed.

REINHARD and CRIST, JJ., concur.