In the Matter of S.B.A., A Minor Child.

C.C., Petitioner–Respondent,

v.

H.C., Defendant–Appellant.

No. 18343.

Missouri Court of Appeals,
Southern District,
Division Two.

March 10, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1993.

witness, the motion was denied. Appellant appealed.

Even though not raised by the parties, this court is obligated to notice matters preventing this court from obtaining jurisdiction. *In re N.B.,* 710 S.W.2d 394 (Mo.App.1986); *Marsch v. Williams,* 575 S.W.2d 897, 898 (Mo.App.1978).

The record does not contain a decree of adoption, nor indicate such a decree was entered. There is no judgment from which an appeal lies in an adoption case until the court enters a decree of adoption. *N.B.,* 710 S.W.2d 394; *In re D___ R___ E.,* 696 S.W.2d 882, 883 (Mo.App.1985); *Marsch,* 575 S.W.2d at 898.

Generally, no appeal lies until the trial court disposes of all issues between the parties. Rule 74.01(b); *Plummer v. United Sav. & Loan Ass'n,* 781 S.W.2d 827, 828 (Mo.App.1989). There is, of course, an exception to that rule where the trial court makes "an express determination that there is no just reason for delay." Rule 74.01(b). Whether that might have allowed an appeal, it is not necessary to decide as no such finding was made.

The appeal is dismissed.

MONTGOMERY, P.J., and GARRISON, J., concur.

No appearance for petitioner-respondent.

James R. Spradling, Carthage, for defendant-appellant.

PREWITT, Judge.

Respondent, the maternal grandmother of a two-year-old male child filed a petition seeking to terminate the parental rights of appellant, the mother of the child, and to adopt the child. Appellant was served with a summons and the petition on April 21, 1992. She did not respond within the time allotted and the court entered an order on June 9, 1992, purporting to terminate her parental rights and placing the child in the custody of respondent "for purposes of adoption."

On July 23, 1992, appellant filed a "motion to set aside default judgment", reciting in the motion that it was filed "in accordance with Rule 74.05(c)". Following a hearing, at which appellant was the only