In re ADOPTION OF J___ G___ L___, JR. and B___ T___ L___, Minors.

C___ D___ B___ and V___ A___ B___, Petitioners–Respondents,

v.

D___ E. L___ and E___ L___, Intervenors–Appellants.

No. 18238.

Missouri Court of Appeals, Southern District, Division One.

May 18, 1993.

G.H. Terando, Wilhoit, Edmundson, Terando & Hopkins, Poplar Bluff, for intervenors-appellants.

Mark A. Kennedy, Kennedy & Kennedy, Poplar Bluff, for petitioners-respondents.

CROW, Presiding Judge.

This appeal is the culmination of a contest between two married couples to adopt J___ G___ L___, Jr. (born September 1, 1983), and his brother, B___ T___ L___ (born January 9, 1986). None of the contestants is kin to the brothers, but each couple became acquainted with the brothers while they were in foster care by occasionally taking care of them as a favor to the foster parent.

The Dunklin County office of the Division of Family Services ("DFS") selected C___ D___ B___ and his wife, V___ A___ B___ ("Petitioners") as the couple by whom the brothers should be adopted. DFS personnel removed the brothers from foster care and placed them with Petitioners on December 20, 1991.

Petitioners filed a petition to adopt the brothers on January 21, 1992. The petition alleged the parents of the brothers, J___ G___ L___, Sr. and K___ L___, had willfully abandoned the brothers and had willfully, substantially and continuously neglected to provide them with necessary care and protection for a period of at least six months immediately prior to the filing

of the petition.[1] According to the docket sheet, service of summons was obtained on both parents.

On February 11, 1992, D___ E. L___ and his wife, E___ L___, filed a motion to intervene in the adoption proceeding, averring they desired to adopt the brothers. The motion was accompanied by a petition for adoption. On the date the motion to intervene was presented to the juvenile court, Petitioners' lawyer did not appear. The court granted the motion.[2] Henceforth, we refer to D___ E. L___ and E___ L___ as "Intervenors."

Thereafter, K___ W___, maternal grandmother of the brothers, also sought, and received, leave to intervene. We henceforth refer to her as "Grandmother."

The juvenile court conducted an evidentiary hearing May 18–19, 1992. Petitioners appeared in person and with counsel; Intervenors appeared in person and with counsel; Grandmother appeared in person and with counsel; DFS appeared by counsel; the brothers appeared by their guardian ad litem; the mother, K___ L___, appeared in person without counsel.[3]

The juvenile court heard evidence and, on May 22, 1992, entered an order reading, in pertinent part:

Count I of the Petition dealing with transfer of legal custody for the purpose of adoption is submitted to the Court.

The Court finds that the natural parents have willfully abandoned the two minor children and have willfully, substantially and continuously neglected to provide the minor children with the necessary care and protection for a period of at least six months immediately prior to the filing of the Petition.

The Court further finds the issues in favor of Petitioners ... and finds that it is in the best interest of the minor children that their legal care and custody be placed with ... Petitioner[s] for the purpose of a subsequent adoption and finds the issues against all other intervening parties.

It is therefore ordered and adjudged that the legal custody of [the brothers] be transferred to [Petitioners] for the purpose of a subsequent adoption. It is further ordered that the prayers of all other parties are denied.

. . . .

Count II of the Petition seeking to adopt the children is continued and the Dunklin County [DFS] is ordered to update the homestudy on or about March 1, 1993.

Later, obviously mindful of Rule 74.01(b), Missouri Rules of Civil Procedure (1992), the juvenile court amended the order by adding this:

The best interest of the minor children dictates that any questions or issues involving their legal care and custody be expeditiously and definitely resolved. Therefore, the Court finds and expressly determines that there is no just reason for delay in entry of a final Judgment on the issue of the legal care and custody of the minor children.

Intervenors bring this appeal from the juvenile court's order, as amended. Before considering Intervenors' lone assignment of error, we espy two procedural questions.

---

1. The apparent purpose of this allegation was to invoke § 453.040, RSMo 1986, which reads:
   The consent of the adoption of a child is not required of:
   . . . .
   (5) A parent who has for a period of at least six months, for a child one year of age or older, ... immediately prior to the filing of the petition for adoption, willfully abandoned the child or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide him with necessary care and protection.

2. Petitioners later applied for, and received, a change of judge from the judge who granted the motion.

3. The record is murky as to whether the father of the brothers appeared. His attendance is not shown on the docket sheet, and his presence is not noted in the transcript at the outset of the hearing. However, the order entered by the juvenile court following the hearing states, among other things: "J___ G___ L___, Sr. and K___ L___ appear in person but without an attorney."

First, was the juvenile court correct in allowing Intervenors to intervene? At the start of the hearing, Petitioners' lawyer moved to "strike" Intervenors' pleadings. The court replied:

[W]hen I was assigned this case the [Intervenors] had already been permitted by another judge to intervene in this case. ... [O]ne of the first questions I asked dealt with the ability of the [Intervenors] to intervene in this case. I didn't think they had a statutory right to intervene. But, the docket sheet reflects you didn't appear in opposition to their intervening or petition. The order was made and that order has gone uncontested. Your motion will be denied.

A case where similar circumstances existed is *In re Adoption of K.L.G.*, 639 S.W.2d 619 (Mo.App.1982). There, maternal grandparents filed a petition to adopt three of their grandchildren. Their daughter—the children's mother—consented. Foster parents who had custody of two of the three children were allowed to intervene, and the foster parents petitioned to adopt those two children. The juvenile court denied the grandparents' petition as to those two children and granted the adoption sought by the foster parents. The mother and grandparents appealed. Their first claim of error was that the juvenile court wrongly allowed the foster parents to intervene. *Id.* at 621. This Court, in a comprehensive analysis of pertinent case law, held the juvenile court did not err in permitting the foster parents to intervene. *Id.* at 621–22. This Court rejected the remaining assignments of error and affirmed the adoption. *Id.* at 627.

There is, therefore, authority supporting the intervention by Intervenors in the instant case. As the intervention is not an issue here, we need not consider it further. We take the case as we find it, and turn to the second procedural question.

It concerns the appealability of the order, as amended, awarding custody of the brothers to Petitioners. In *In the Matter of S.B.A.*, 850 S.W.2d 356 (Mo.App.S.D. 1993), a child's maternal grandmother filed a petition seeking to terminate the parental rights of the child's mother, and to adopt the child. The mother was served with summons and did not respond within the allotted time. The juvenile court thereupon entered an order purporting to terminate her parental rights, and placed the child in the custody of the grandmother for purpose of adoption. Thereafter, the mother filed a motion to set the judgment aside. The juvenile court denied the motion, and the mother appealed. This Court held:

The record does not contain a decree of adoption, nor indicate such a decree was entered. There is no judgment from which an appeal lies in an adoption case until the court enters a decree of adoption.[4]

*Matter of S.B.A.*, at 357.

That holding was based on three Missouri cases: *N.B. v. Howard*, 710 S.W.2d 394 (Mo.App.1986); *In re Adoption of D___ R___ E___*, 696 S.W.2d 882 (Mo. App.1985), and *Marsch v. Williams*, 575 S.W.2d 897 (Mo.App.1978).

*Matter of S.B.A.* and the three cases on which it relies are different than the instant case in one crucial respect. In those four cases, the appealing party—a parent—was not seeking to adopt the child, but only to block the adoption. Here, the appellants—Intervenors—are seeking to adopt the brothers.

In *Matter of Williams*, 672 S.W.2d 394 (Mo.App.1984), a couple petitioned to adopt a child, then in foster care. Soon thereafter, the parental rights of the natural parents were voluntarily terminated. Following a home study, a social worker testified favorably for the petitioners. However, the juvenile court denied the petitioners' prayer for transfer of custody. They appealed. The Eastern District of this Court said:

... we first consider whether the juvenile court order denying the transfer of custody is an appealable order. The

---

4. Unlike the instant case, the juvenile court in *Matter of S.B.A.* did not make the finding authorized by Rule 74.01(b), thus this Court did not need to decide whether such a finding would have made the order appealable.

court denied only the transfer of custody and did not mention the subsequent adoption. The order is a final judgment because it disposes of all the parties and issues in the case. § 512.020, RSMo (1978). As noted in *Matter of M.D.H.*, 595 S.W.2d 448, 449 (Mo.App.1980), denial of transfer of custody, which is a prerequisite to this type of adoption, disposes of the adoption issue. Here the court order specifically denies the transfer of custody which has the effect of denying the petition for adoption. As all the issues are resolved, the order is appealable.

672 S.W.2d at 395[1].

*Matter of M.D.H.*, cited in the above passage, began when foster parents filed a petition to adopt a child who had been in their custody almost two years. Three months later, the child's paternal grandmother and step-grandfather filed a petition for custody and adoption. By agreement of the competing parties, the two actions were "consolidated." Trial produced a decree granting adoption by the foster parents and denying the prayer of the grandmother and her husband for transfer of custody. This Court held the latter ruling appealable, as it disposed of all issues raised by the petition of the grandmother and her husband. 595 S.W.2d at 449[1]. This Court held those parties could also appeal from the decree of adoption, as the cases had been treated "as if there had been complete consolidation and cross intervention." *Id.* at 450.

■ Applying *Matter of Williams* and *Matter of M.D.H.*, we hold Intervenors are entitled to appeal from the juvenile court's order of May 22, 1992, as subsequently amended, awarding custody of the brothers to Petitioners.

Intervenors present one point relied on; it reads:

The trial court erred in awarding custody of [the brothers] to [Petitioners] and denying custody to [Intervenors] in that, viewing the facts establishing best inter-

est of the [brothers] and the reasonable inferences therefrom in a light most favorable to [Petitioners], there was no substantial evidence to support awarding custody to [them] and the overwhelming weight of the evidence supported awarding custody to [Intervenors].

■ We must affirm the decision of the juvenile court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *In re Adoption of W.B.L.*, 681 S.W.2d 452, 454[1] (Mo. banc 1984).[5] In determining the sufficiency of the evidence to support a trial court's decision in a judge-tried case, we accept as true the evidence and inferences from it favorable to that decision, and disregard contrary evidence, *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654[2] (Mo. banc 1989), mindful that a trial court is free to believe or disbelieve all, part or none of the testimony of any witness. *Id.* at 654[1].

■ The primary and paramount consideration in an adoption proceeding is the welfare of the child. *G.S.M. v. T.H.B.*, 786 S.W.2d 898, 903[10] (Mo.App.1990); *In re Drew*, 637 S.W.2d 772, 778[8] (Mo.App. 1982). This Court, in an adoption case, *In Interest of L.W.F.*, 818 S.W.2d 727, 734[5] (Mo.App.1991), explained:

The factors to be considered in determining what is in the best interests of the child are legion. They vary from case to case. It is impossible to catalogue all the factors that may be involved. It is virtually impossible to assign a degree of weight to specific favorable and unfavorable factors. With the exception of an extreme adverse factor, no single factor can be absolute. *In Interest of J.L.H.*, 647 S.W.2d 852 (Mo.App.1983). Each case must be considered upon its own facts.

In a thorough and well written brief, counsel for Intervenors catalogues the numerous virtues of his clients and earnestly

---

5. As no issue is presented regarding the juvenile court's finding of abandonment and neglect by the parents, the "clear, cogent and convincing" standard of proof alluded to in *W.B.L.*, 681 S.W.2d at 454, is inapplicable here.

declares the best interest of the brothers would be served by placing them with Intervenors for adoption.

In an equally professional brief, counsel for Petitioners, with like fervor, itemizes the considerable merits of his clients and insists there is ample evidence to support the juvenile court's award of custody to them.

Unlike many cases involving child custody, this one presented the juvenile court a choice between two desirable alternatives. Having studied the 363–page transcript, we can only wish every child could grow up in a home equal to those of Petitioners and Intervenors.

Having said that, and having taken account of the personalities and characteristics of the brothers, we hold the juvenile court's order of May 22, 1992, as amended, is supported by substantial evidence and is not against the weight of the evidence, that no error of law appears, and that an opinion setting forth the extensive evidence would have no precedential value. Consequently, we affirm the order in compliance with Rule 84.16(b)(1) and (5), Missouri Rules of Civil Procedure (1993).

PARRISH, C.J., and SHRUM, J., concur.