**In the Matter of D— K— and C— K—, Minors.**

**E.K. and V.K., Appellants,**

**v.**

**H.C. and C.C., Respondents.**

**No. 19016.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 26, 1994.

Daniel T. Moore, Paul A. Kidwell, L. Joe Scott and Daniel T. Moore, Poplar Bluff, for appellants.

John Howard Bloodworth, Bloodworth Law Offices, Poplar Bluff, for respondents.

PARRISH, Judge.

E.K. and V.K., the maternal grandfather and step-grandmother of D.K. and C.K., filed a petition for transfer of custody (Count I) and adoption (Count II) of the children. The children's respective dates of birth are March 3, 1984, and June 5, 1985.

H.C. and C.C. filed a motion to intervene in the proceeding and a similar two-count petition for transfer of custody and adoption. Leave was granted to intervene.

The trial court conducted a "concurrent hearing" on the two petitions seeking transfer of custody. The trial court awarded custody of D.K. to E.K. and V.K. and custody of C.K. to H.C. and C.C. E.K. and V.K. filed a notice of appeal from the part of the trial court's order denying their request for custody of C.K. This court finds that the appeal must be dismissed for the reason that no final judgment has been entered.

 This court is required to ascertain whether it has jurisdiction to determine the matter appealed even though the parties have not raised that issue. *Matter of S.B.A.*, 850 S.W.2d 356 (Mo.App.1993). As applicable here, § 512.020 [1] provides that an appeal will lie only from a final judgment. *In the Interest of Beste*, 515 S.W.2d 530, 533 (Mo. 1974). A final judgment disposes of all parties and all issues in the case leaving nothing for determination. *Id.*

Both petitions sought custody and adoption of the two children. In awarding custody of D.K. to E.K. and V.K. and custody of C.K. to H.C. and C.C., the trial court found "both [homes] suitable adoptive homes for [D.K.] and [C.K.]." The trial court denominated part of its custody order as "Other Orders." That part of the custody order includes:

The relationship between [D.K.] and [C.K.] is one which is necessary for their healthy emotional development. The court heard evidence that the cooperation between [E.K. and V.K.] and [H.C. and C.C.] in fostering social contacts between the brothers was less than it should be. The court finds that there should be a maximum of social contact between the children, including overnight visits in each other's homes, joint outings, sharing of birthdays and other holidays and other contacts which will enable them to maintain and develop closer bonds as siblings.

It is therefore ordered that [E.K. and V.K.] and [H.C. and C.C.] consult and co-operate [sic] in such social contacts, and that [E.K. and V.K.] and [H.C. and C.C.] consult and counsel with Doug Beevers, Juvenile Officer, to develop a plan that will encourage and coordinate such social contacts.

There were two petitions for adoption filed. Each sought custody and adoption of both children. Each pair of petitioners was awarded custody of one of the children. Whether either award of custody will result in the granting of an adoption remains to be determined. The trial court is charged with responsibility for giving or withholding approval of adoptions "as the welfare of the person sought to be adopted may, in the opinion of the court, demand." § 453.030.1.

 The trial court's custody order is unusual in that it prescribes conduct for both sets of prospective adoptive parents during their respective periods of custody. It directs the custodians to assure that the siblings interact in both homes during the custody periods. That, together with the unusual procedure of considering two adoption petitions filed by different petitioners in a single action, may suggest that the trial court does not intend its custody order to be conclusive. Although in some adoption cases a custody order may be a final judgment because it disposes of all parties and issues in the case, *see, e.g., Adoption of J— G— L—*, 853 S.W.2d 433, 436 (Mo.App.1993), and *Matter of Williams*, 672 S.W.2d 394, 395 (Mo.App. 1984), the custody order in this case is not.

This court lacks jurisdiction because there is no final judgment. Appeal dismissed.

GARRISON, P.J., and PREWITT, J., concur.

---

1. References to statutes are to RSMo 1986.