In the Matter of J____ E____ S____, a minor, M____ C____ and A____ C____, Petitioners–Appellants,

v.

D____ L____ S____ and K____ F. S____, Respondents.

No. 20151.

Missouri Court of Appeals, Southern District, Division One.

April 29, 1996.

---

Charles R. Leick, James A. Broshot, Mazzei & Broshot, Steeville, for appellants.

John D. Beger, Rolla, for respondents.

BARNEY, Judge.

M____ C____, the mother of a female child now three years of age, and her husband A____ C____ appeal from the Judgment and Order of the Circuit Court of Dent County, Missouri, entered on count one of a two count petition in adoption (pursuant to §§ 453.005—453.170)[1]. The Judgment and Order recited that Appellants' "parental interests" as to the child were terminated and that Respondents were granted legal custody of the minor child. The Judgment and Order also terminated the "parental interest" of the biological father. He does not appeal.

Appellants contest the transfer of custody to Respondents. By their point relied on they appear not to challenge the termination of their parental rights.

 The adoption process is not complete until the passing of nine months after a minor has been in the lawful and actual custody of petitioners and after the juvenile court makes a final judgment in adoption, per count two of the petition for adoption. *See* § 453.080; *In re L.W.F.*, 818 S.W.2d 727, 734 (Mo.App.1991).

 Although not raised by the parties, this Court is obligated to notice matters preventing this court from obtaining jurisdiction. *In re S.B.A.*, 850 S.W.2d 356, 357 (Mo.App. 1993); *In re N.B.*, 710 S.W.2d 394 (Mo.App. 1986). As applicable here, § 512.020 pro-

vides that an appeal will lie only from a final judgment. *In re D____ K____*, 886 S.W.2d 188, 189 (Mo.App.1994). Generally, there is no judgment from which an appeal lies in an adoption case until the court enters a decree of adoption. *In re Adoption of J____ G____ L____, Jr.*, 853 S.W.2d 433, 435 (Mo.App. 1993) citing *In re S.B.A.*, 850 S.W.2d at 357.

In some adoption cases a custody order may be a final judgment because it disposes of all parties and issues in the case. *In re D____ K____*, 886 S.W.2d at 189. Therefore, the denial of transfer of custody to non-parent petitioners, who sought the adoption of a child whose natural parents previously had voluntarily terminated their parental rights, effectively disposed of the adoption issue. *In re Williams*, 672 S.W.2d 394, 395 (Mo.App.1984). The court stated that: "Here the court order specifically denies the transfer of custody which has the effect of denying the petition for adoption. As all the issues are resolved, the order is appealable." *Id.* at 395. *See also In re Adoption of J____ G____ L____, Jr.*, supra.

 It is noted that the trial court made a determination in its docket sheet that, "this Court's Order of December 27, 1994, is in all respects final, the Court further finding there is no just reason for delay." *See* Rule 74.01(b), Missouri Rules of Civil Procedure (1994). But a judgment which resolves fewer than all legal issues as to any single claim is not final notwithstanding the trial judge's designation as such; and a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b). *Comm. for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). Since the paramount consideration in an adoption proceeding is the welfare of the child, *In re Adoption of J____ G____ L____, Jr.*, 853 S.W.2d at 436, the court may yet determine that the adoption should not take place.

The common thread running through the cases of *In re S.B.A., In re N.B., In re D____ R____ E____*, and *Marsch*, was that a parent

---

**1.** All statutory references are to RSMo 1994, unless otherwise noted.

was seeking to block an adoption of the parent's minor child. *In re S.B.A., supra; In re N.B., supra; In re D___ R___ E___,* 696 S.W.2d 882 (Mo.App.1985); *Marsch v. Williams,* 575 S.W.2d 897 (Mo. App.1978); *see also In re Adoption of J___ G___ L___, Jr.,* 853 S.W.2d at 435. Each court respectively determined that there could be no judgment from which an appeal lies until the court entered a decree of adoption. Since the issue of adoption by petitioners still remains open and undecided, given the facts of this case, an appeal lies only from the decree of adoption. This appeal is dismissed for lack of jurisdiction.

MONTGOMERY, P.J., and GARRISON, J., concur.