**In the Interest of D.S.G., a minor.**

No. 71465.

Missouri Court of Appeals,
Eastern District,
Division One.

June 24, 1997.

Connie S. Hood, Clayton, for appellant.

Rita M. Montgomery, St. Louis, for respondent.

DOWD, Presiding Judge.

R.W. ("Father") appeals the judgment of the trial court terminating his parental rights regarding D.S.G. ("Child"), his biological daughter. Father claims that the termination was contrary to the best interests of Child and that he received ineffective assistance of counsel during the termination proceeding. We affirm.

Child was born on August 12, 1993 to Father and T.S.M. ("Mother"). On April 25, 1994, Child was determined to be subject to the jurisdiction of the juvenile court based on a lack of care and support from her natural parents. The court then transferred custody of child to the Missouri Division of Family Services. Shortly thereafter, Father was incarcerated in a federal penitentiary on a firearms charge. On October 24, 1994, Mother consented to the termination of her parental rights.

In September 1995, the Division of Family Services placed Child in the home of D.S.T. (Foster Mother). In April 1996, Foster Mother filed a petition in the juvenile court. Count one of this petition sought to terminate Father's parental rights regarding Child. In count two, Foster Mother sought to adopt Child.

The juvenile court held a hearing on September 6, 1996. Father's incarceration prevented him from attending in person, but he was present through counsel. At this hearing, the court entered a judgment and decree which terminated the parental rights of both Mother and Father. However, the court did not address the second count of the petition seeking adoption of Child.

Father appeals from this judgment, claiming that the trial court erred in terminating his rights because termination was not in the best interests of Child and because he did not willfully withhold care and support from Child. Father also contends that he was denied his statutory right to effective assistance of counsel in a termination proceeding because his attorney did not offer any evidence on his behalf or cross examine any of the witnesses.

■ Before we address these claims, we must consider whether this court has juris-

diction. Foster Mother has filed a motion to dismiss Father's appeal, alleging it to be premature as the adoption issue is still pending before the court below. We disagree.

■ An appeal in an adoption case lies only from the decree of adoption. *In re Adoption of D.R.E.*, 696 S.W.2d 882, 883 (Mo.App.S.D.1985). However, judgments which terminate parental rights under Chapter 211 are appealable. Section 211.261, RSMo 1994;[1] *Id.* Although adoption and termination of parental rights are two separate and distinct actions with different parties and issues, the two have been forced together into one proceeding by the operation of Section 211.447.2. This section allows only a juvenile officer or a prospective parent to file a petition for termination of parental rights.

When a juvenile officer files such a petition, the issue of termination may proceed independently. However, when the petition is filed by a prospective parent, the termination issue and the adoption issue must proceed in tandem.

Although actions for the termination of parental rights and adoption are statutory actions at law, they nevertheless involve equitable principles involving the very personal rights of natural parents, adoptive parents and most importantly, children. These equitable concerns are acknowledged in the statutes governing the adoption process. The plain language of Section 453.005 mandates that "[t]he provisions of sections 453.010 to 453.400 shall be construed so as to promote the best interests and welfare of the child in recognition of the entitlement of the child to a permanent and stable home."

In the instant case, forcing Father to wait for the resolution of the adoption count results in an unjust delay in the adjudication of his claims of error. After Father's parental rights have been terminated by the court's judgment on the first count, Father is effectively removed from the proceeding.

Hypothetically, if the termination of Father's parental rights was error, he would be forced to wait until the adoption was finalized with no access to or rights regarding his child. Moreover, this time without biological parent-child contact would only increase the trauma to the child and adoptive family if the child is ultimately removed from the adoptive home because of a reversal of the termination order. Finality on the issue of a natural parent's status "... is desirable to lend stability to the transfer of lawful and actual custody and subsequent bonding period of at least nine months." *In re Adoption of A.D.A.*, 789 S.W.2d 842, 843 (Mo.App. S.D.1990).

Foster Mother argues that appellate consideration of the termination issue prior to the entry of a final adoption order is contrary to existing case law. Foster Mother cites both *In the Matter of S.B.A.* and *J.E.S. v. D.L.S.* for the proposition that no appeal lies from an adoption case until a final decree of adoption is entered. 850 S.W.2d 356 (Mo. App. S.D.1993); 921 S.W.2d 636 (Mo.App. S.D.1996). While we have no quarrel with this proposition, we find the instant case distinguishable in that Father only appeals from the termination of his parental rights.

In *S.B.A.*, the appellant sought relief from a trial court order terminating her parental rights *and* mandating the placement of the child in a new home "for purposes of adoption." *Id.* That trial court ordered the transfer of custody but did not enter a final decree of adoption. Thus, trial court action on the adoption issue had begun, but remained incomplete. The appeal in *S.B.A.* sought review, not only of the termination of parental rights, but of the unfinished trial court actions undertaken pursuant to the adoption count. In contrast, the instant appeal seeks review of only the completed termination of Father's parental rights and not on any action taken pursuant to the adoption count. Accordingly, Father's appeal is not subject to the rule in *S.B.A.*

Similarly, in *J.E.S. v. D.L.S.*, the appellant sought review of the transfer of custody of the child and did not appeal the termination of parental rights. 921 S.W.2d at 637. Because the instant appeal only concerns the separate issue of parental rights and does not seek review of court action taken as part

---

1. All further statutory references are to RSMo 1994.

of the adoption issue, Foster Mother's cited rule does not apply. Therefore, we conclude that the judgment terminating Father's rights is final and may be considered on appeal.

■ Father first claims that the trial court erred in terminating his parental rights because the termination was not in the best interests of the child. This court will affirm the trial court's termination of parental rights unless there is no substantial evidence to support it, unless it is contrary to the weight of the evidence, or unless it erroneously declares or applies the law. *In Interest of S.H.*, 915 S.W.2d 399, 401 (Mo.App. W.D.1996). In reviewing a court-tried case to determine whether the court's judgment is grounded upon sufficient evidence, this court must act with caution and will reverse only upon a firm belief that the judgment is wrong. *Id.* Furthermore, this court must examine the facts in the light most favorable to the trial court's order. *Id.*

The juvenile court may terminate parental rights only if it finds that the termination is in the best interests of the child and when it finds by clear, cogent and convincing evidence one or more of the statutory grounds for termination enumerated in Section 211.447.2. Evidence is clear, cogent and convincing when it "instantly tilt[s] the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true." *In Interest of T.S.*, 925 S.W.2d 486, 488 (Mo.App. E.D.1996). Here the juvenile court relied upon the ground of abandonment as provided in relevant part in Section 211.447:

2. The juvenile court may terminate the rights of a parent to a child ... if it finds that the termination is in the best interests of the child and when it appears by clear, cogent and convincing evidence that one or more of the following grounds for termination exist:

(1) The child has been abandoned. The court shall find that the child has been abandoned if, for a period of six months or longer ... at the time of the filing of the petition:

(b) The parent has without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so[.]

Section 211.447.2(1)(b).

■ Father argues that he cannot have willfully abandoned his daughter as he was incarcerated for the cited six-month period. While incarceration alone does not establish abandonment, it also does not excuse a parent's obligation to provide the child with a continuing relationship. Parental rights may properly be terminated while the parent is incarcerated. *In Interest of M.L.K.*, 804 S.W.2d 398, 402 (Mo.App. W.D.1991). The DFS caseworker assigned to Child's case testified at the termination hearing that Father did not support Child or send gifts, cards or any correspondence to Child. She also testified that after Father was incarcerated he was sent a certified letter outlining his responsibilities for Child and the services available through DFS. Father never availed himself of these services or even indicated an interest to DFS in the eventual return of Child. This is sufficient to support the finding of willful abandonment.

Additionally, the caseworker testified that Child had adapted well to her new home and that it was in Child's best interest that she remain there. Therefore we conclude that the juvenile court did not err in terminating Father's rights.

■ Father next contends that he was denied effective assistance of counsel at the termination hearing because his attorney did not offer any evidence and did not cross examine any of the witnesses. However, Father fails to allege that he suffered any prejudice as a result. He cites no evidence that should have been introduced or course of action which should have been taken. Trial counsel is ineffective if (1) he or she fails to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and (2) the failure to exercise such diligence is prejudicial. *State v. Harris*, 870 S.W.2d 798, 814 (Mo.banc 1994). As Father has not even made an allegation of prejudice, we cannot

find that his counsel was ineffective. Point denied.

For the foregoing reasons the judgment of the trial court is affirmed.

REINHARD and GARY M. GAERTNER, JJ., concur.