NO. 07-07-0210-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 11, 2007

______________________________


IN THE INTEREST OF J.R.R. AND M.L.R., CHILDREN

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-531,634; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Michael J. Riedel, proceeding pro se, perfected this appeal from the trial
court’s order modifying a prior order in a suit affecting the parent-child relationship. The
clerk’s record was filed on July 23, 2007. Initially, Riedel’s brief was due to be filed on
August 22, 2007. The deadline was twice extended, first by notice from this Court, and
then by Motion for Extension of Time filed by Appellant, to October 25, 2007. Riedel did
not file his brief. This Court then notified him by letter of November 15, 2007, to file the
brief by November 30, 2007, together with a response reasonably explaining how Appellee
is not significantly injured by the failure to file a brief. Appellant was advised that failure
to do so would result in dismissal of the appeal per Rules 38.8(a)(1) and 42.3(c) and (d)
of the Texas Rules of Appellate Procedure. Appellant did not respond nor file his brief.
          Consequently, this appeal is dismissed.


                                                                           Patrick A. Pirtle

                                                                                 Justice




span>

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Gregory Dean Banister, proceeding pro se and in forma pauperis, filed
a notice of appeal seeking to challenge an order signed by the Honorable Kelly G. Moore
denying his motion to recuse the Honorable Felix Klein from participating in the resolution
of a writ of habeas corpus filed in the 154th District Court of Lamb County,


 pursuant to
article 11.07, section 3(b) of the Texas Code of Criminal Procedure. Having considered
the substantive basis of this appeal, we dismiss for want of jurisdiction.
          This Court is obligated to determine, sua sponte, its jurisdiction to entertain an
appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied)
(citing New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2s 677, 678 (Tex. 1990));
State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), overruled on other grounds,
State v. Medrano, 67 S.W.3d 892, 901-03 (Tex.Crim.App. 2002). As a general rule, a
judgment must be final before it can be appealed. See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001). Otherwise, the appeal is interlocutory and this Court is
without jurisdiction to review the decision except for those statutory exceptions permitting
interlocutory appeals. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008). 
A trial court’s ruling on a motion to recuse does not fall within one of those exceptions.
          Recusal is governed by Rule 18a of the Texas Rules of Civil Procedure. In Arnold
v. State, 853 S.W.2d 435, 544 (Tex.Crim.App. 1993), the Court held that Rule 18a applies
to criminal cases absent “any explicit or implicit legislative intent indicating otherwise.” 
Rule 18a(f) provides in part that if a motion to recuse is denied, it may be reviewed on
appeal from a final judgment. 
          By letter dated April 24, 2009, the Clerk of this Court advised Appellant that the
order being appealed appeared to be interlocutory. Appellant was afforded until May 14,
2009, to demonstrate grounds for continuing the jurisdiction of this Court. See Tex. R.
App. P. 42.3(a). That deadline was extended to June 15, 2009, after an extension of time
was granted. On June 16, 2009, Appellant filed a Motion Demonstrating Why This Court
Should Not Dismiss Banister’s Appeal For Want Of Jurisdiction.
          By that motion, Appellant argues that the Legislature intended for interlocutory
orders to be appealable. He also questions whether the “collateral order doctrine”


 permits
this Court to exercise jurisdiction over an order on a motion to recuse that does not arise
from a final judgment. We conclude that the collateral order doctrine does not apply. See
In re AIU Ins. Co., 148 S.W.3d 109, 120 (Tex. 2004). 
          Appellant’s complaint is adequately vindicable in the Court of Criminal Appeals. 
Under article 11.07, section 3(b) of the Texas Code of Criminal Procedure, his application
for writ of habeas corpus is returnable to the Court of Criminal Appeals. Additionally, the
Court of Criminal Appeals is the only court with jurisdiction in a writ of habeas corpus
proceeding filed pursuant to article 11.07, section 3(b). See Ater v. Eighth Court of
Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991). A convicting court’s role, in this
case, the 154th District Court of Lamb County, is defined in article 11.07, section 3(c) and
(d). Article 11.07, section 5 clearly provides that “[a]fter conviction the procedure outlined
in this Act shall be exclusive and any other proceeding shall be void and of no force and
effect in discharging the prisoner.” Article 11.07 contains no role for courts of appeals. In
re McAfee, 53 S.W.3d 715, 718 (Tex.App.–Houston [1st] Dist. 2001, orig. proceeding). 
Therefore, we conclude that a trial court’s ruling on a motion to recuse stemming from an
11.07 application for writ of habeas corpus is not reviewable by direct appeal to courts of
appeals.
          Notwithstanding Appellant’s diligent effort, this Court cannot create jurisdiction
where none exists. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 
Consequently, Appellant has failed to demonstrate why this purported appeal should not
be dismissed for want of jurisdiction.
          Accordingly, the appeal is dismissed for want of jurisdiction. Tex. R. App. P.
42.3(a).
                                                                           Patrick A. Pirtle

                                                                                 Justice





Do not publish.