NO. 07-09-0128-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 7, 2009

_____

EX PARTE GREGORY DEAN BANISTER

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3900-A; HONORABLE FELIX KLEIN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Gregory Dean Banister, proceeding *pro se* and *in forma pauperis*, filed a notice of appeal seeking to challenge an order signed by the Honorable Kelly G. Moore denying his motion to recuse the Honorable Felix Klein from participating in the resolution of a writ of habeas corpus filed in the 154th District Court of Lamb County,[1] pursuant to

---

[1]In conjunction with the same proceeding, Appellant also filed a *Petition for Writ of Mandamus* seeking to compel Judge Klein to rule on numerous motions relating to that writ of habeas corpus. By opinion dated April 30, 2009, Appellant's request for mandamus relief was denied. *See In re Gregory Dean Banister*, No. 07-09-0117-CV, 2009 WL 1160966 (Tex.App.–Amarillo April 30, 2009, orig. proceeding).

article 11.07, section 3(b) of the Texas Code of Criminal Procedure. Having considered the substantive basis of this appeal, we dismiss for want of jurisdiction.

This Court is obligated to determine, *sua sponte*, its jurisdiction to entertain an appeal. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied) (citing *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2s 677, 678 (Tex. 1990)); *State v. Roberts*, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), *overruled on other grounds*, *State v. Medrano*, 67 S.W.3d 892, 901-03 (Tex.Crim.App. 2002). As a general rule, a judgment must be final before it can be appealed. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Otherwise, the appeal is interlocutory and this Court is without jurisdiction to review the decision except for those statutory exceptions permitting interlocutory appeals. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008). A trial court's ruling on a motion to recuse does not fall within one of those exceptions.

Recusal is governed by Rule 18a of the Texas Rules of Civil Procedure. In *Arnold v. State*, 853 S.W.2d 435, 544 (Tex.Crim.App. 1993), the Court held that Rule 18a applies to criminal cases absent "any explicit or implicit legislative intent indicating otherwise." Rule 18a(f) provides in part that if a motion to recuse is denied, it may be reviewed on appeal from a final judgment.

By letter dated April 24, 2009, the Clerk of this Court advised Appellant that the order being appealed appeared to be interlocutory. Appellant was afforded until May 14, 2009, to demonstrate grounds for continuing the jurisdiction of this Court. *See* Tex. R.

2

App. P. 42.3(a). That deadline was extended to June 15, 2009, after an extension of time was granted. On June 16, 2009, Appellant filed a *Motion Demonstrating Why This Court Should Not Dismiss Banister's Appeal For Want Of Jurisdiction*.

By that motion, Appellant argues that the Legislature intended for interlocutory orders to be appealable. He also questions whether the "collateral order doctrine"[2] permits this Court to exercise jurisdiction over an order on a motion to recuse that does not arise from a final judgment. We conclude that the collateral order doctrine does not apply. *See In re AIU Ins. Co.*, 148 S.W.3d 109, 120 (Tex. 2004).

Appellant's complaint is adequately vindicable in the Court of Criminal Appeals. Under article 11.07, section 3(b) of the Texas Code of Criminal Procedure, his application for writ of habeas corpus is returnable to the Court of Criminal Appeals. Additionally, the Court of Criminal Appeals is the only court with jurisdiction in a writ of habeas corpus proceeding filed pursuant to article 11.07, section 3(b). *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991). A convicting court's role, in this case, the 154th District Court of Lamb County, is defined in article 11.07, section 3(c) and (d). Article 11.07, section 5 clearly provides that "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and

---

[2]The "collateral order doctrine" is a federal doctrine which permits appellate review of certain interlocutory rulings which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989); *Taylor v. State*, 268 S.W.3d 752, 754 (Tex.App.–Waco 2008, pet. ref'd).

3

effect in discharging the prisoner." Article 11.07 contains no role for courts of appeals. *In re McAfee*, 53 S.W.3d 715, 718 (Tex.App.–Houston [1st] Dist. 2001, orig. proceeding). Therefore, we conclude that a trial court's ruling on a motion to recuse stemming from an 11.07 application for writ of habeas corpus is not reviewable by direct appeal to courts of appeals.

Notwithstanding Appellant's diligent effort, this Court cannot create jurisdiction where none exists. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Consequently, Appellant has failed to demonstrate why this purported appeal should not be dismissed for want of jurisdiction.

Accordingly, the appeal is dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a).

Patrick A. Pirtle
Justice

Do not publish.